UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN NINO ANTONIO,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY.,<br><br>        Respondent. | No. 1:26-cv-05145-DAD-SCR (HC)<br><br>ORDER GRANTING PETITIONER'S *HABEAS CORPUS* PETITION AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On July 6, 2026, petitioner, proceeding *pro* se, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"), as well as a motion for a temporary restraining order ("TRO"). (Doc. Nos. 1, 2.)  Therein, petitioner alleges that he entered the United States in 2006 where he has remained for two decades. (Doc. No. 1 at 5; Doc. No. 2 at 2.)  ICE detained petitioner on or about March 31, 2026, after a traffic stop and he remains in immigration detention to this day. (Doc. No. 2 at 2.)  Petitioner seeks his immediate release.  (Doc. No. 1 at 18, Doc. No. 2 at 10.)

On July 7, 2026, the court set a briefing schedule as to petitioner's motion for a TRO and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 4.)  In that same order, the court directed that if respondent opposed the court ruling on the

underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On July 8, 2026, respondent filed a two-page response to the *habeas* petition and opposition to the motion for a TRO.  (Doc. No. 6.)  Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 6 at 1-2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent concedes that there does not appear to be material differences between this case and most of those cited in the court's July 7, 2026 order.  (Doc. No. 6 at 1.)  Respondent has not disputed any of the facts that petitioner alleged in his petition, nor has it argued that he is a danger to the community nor a flight risk.  Respondent also states it has no objection to the court ruling on the underlying *habeas* petition based on the current briefing (Doc. No. 2 at 2), and the court will do so.

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, California City Corr. Ctr*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention.  Applying the reasoning set forth in *Quichimbo-Jimenez*, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondent has failed to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut,*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and finds that the appropriate remedy here is petitioner's immediate release from custody because respondent has failed to provide any applicable authority for petitioner's detention.

/////

/////

2

For the reasons explained above,

1.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.   Respondent is ORDERED to immediately release petitioner Juan Nino Antonio, A-File No. 240-398-209, from respondent's custody on the same conditions he may have been under prior to his detention on or about March 31, 2026;

   b.   Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.   Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3.   The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex Detention Facility; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 10, 2026**                    _____

                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE